**ORIGINAL**

# In the United States Court of Federal Claims

No. 1:18-cv-01047
(Filed: August 6, 2018)

**FILED**
AUG - 6 2018
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                     *
JOHN MCLEAN TILLEY,                  *
                                     *
              Plaintiff,             *
                                     *
       v.                            *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
*************************************
```

## ORDER OF DISMISSAL

Plaintiff proceeding *pro se*, who is incarcerated at the Northern Nevada Correctional Center, filed his complaint in this Court on July 17, 2018.[1] Plaintiff asks that the Court "render a decision that in all Transactions involving the Petitioner, it was all done on false claims . . . ," and Plaintiff "move[s] to have [his] past exonerated, and FBI and NCIC notified that [he] no longer exist[s] in their archives." Pl.'s Compl. at 5. Although the complaint is largely incomprehensible, it appears that Plaintiff wants his criminal record to be expunged. *See* Pl.'s Compl. at 1 ("The Petitioner-Plaintiff wast's [*sic*] to Address, The Whole issue of A Ponzi Scheme inflicted on myself, for All The Past incarcerations, and the Unjust Compensation Clause to the Fifth Amendment Case which was resolved on A Writ of Certiorari ident., filing (I) in forma pauperis was always designated to the fictions, Strawman, Chattel . . . .").

---

[1] Plaintiff also submitted an Application to Proceed *In Forma Pauperis*. After review, it appears that Plaintiff is indigent, and the Court therefore **GRANTS** this Application. Although the Court grants plaintiff's application to proceed in forma pauperis, plaintiff shall be assessed, pursuant to section 1915(b)(1), an initial partial filing fee comprising twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the amount representing the average monthly balance in plaintiff's account for the six-month period immediately preceding the filing of his complaint. Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. The agency having custody of plaintiff's account shall forward payments from plaintiff's account to the Clerk of Court each time the account balance exceeds $10.00 and until such time as the filing fee is paid in full.

7017 1450 0000 1346 4582

Subject matter jurisdiction is a threshold matter which may be challenged at any time by a party or the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). This Court does not have jurisdiction over criminal matters. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Further, although this Court has jurisdiction over Fifth Amendment takings claims, a plaintiff alleging such a claim "must show that the United States, by some specific action, took a private property interest for public use without just compensation." *Short v. United States*, 50 F.3d 994, 1000 (Fed. Cir. 1995). Plaintiff has mentioned the Fifth Amendment, but he has failed to state a cognizable claim for which relief can be granted. *See generally*, Pl.'s Compl. Therefore, the Court lacks jurisdiction, and this case must be **DISMISSED**. The clerk of the Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

EDWARD J. DAMICH
Senior Judge